# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAUL BRESALIER, suing derivatively on behalf of DUKE ENERGY CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>LYNN J. GOOD, et al.,<br><br>        Defendants,<br><br>and<br><br>DUKE ENERGY CORPORATION,<br><br>        Nominal Defendant. | C.A. No. 15-998-LPS |

## DECLARATION OF RICHARD D. GREENFIELD, ESQUIRE IN SUPPORT OF PLAINTIFF'S MOTION TO CONVERT DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT AND FOR LEAVE TO CONDUCT LIMITED DISCOVERY

I, Richard D. Greenfield, declare as follows:

1. I am a partner in Greenfield & Goodman, LLC and one of the counsel representing Plaintiff Saul Bresalier in this action. I submit this Declaration in support of Plaintiff's Motion to Convert Defendants' Motion to Dismiss to Motion for Summary Judgment and for Leave to Conduct Limited Discovery pursuant to Federal Rule of Civil Procedure 56(f).

2. I am licensed to practice law in the states of New York, Pennsylvania and Maryland as well as numerous federal courts. I have personal knowledge of the facts set forth herein and if called as a witness I could, and would, testify competently thereto.

3. Attached hereto as Exhibit "A" is a true and correct copy of page 50 of Duke Energy Corporation's ("Duke's") Form 10-Q for the quarter ending September 30, 2015, filed with the Securities and Exchange Commission ("SEC") on or about November 5, 2015, which states as follows: "Total repairs and remediation expenses incurred by Duke Energy Carolinas related to the release were approximately $24 million."

4. Attached hereto as Exhibit "B" is a true and correct copy of Exhibit 99.1 to Duke's Form 8-K dated November 8, 2010 filed with the SEC, which is an internal memo to Duke Employees and Contractors providing an "Update on Indiana Matter and Naming of Esamann as Duke Energy Indiana President." The exhibit states that Gibson, Dunn & Crutcher LLP ("Gibson") was retained to conduct an "independent investigation" on behalf of Duke with respect to an ethics controversy following Duke's hiring of Scott Storms, who had been an administrative law judge for the Indiana Utility Regulatory Commission and who presided over a handful of cases involving Duke during and after interviewing with Duke for a job.

5. Attached as Exhibit "C" is a true and correct copy of an October 12, 2010 PRNewswire article regarding the hiring issues involving the Indiana Regulatory Commission and Duke referenced in paragraph 2 above wherein Gibson was hired by Duke to conduct an internal investigation.

6. Attached hereto as Exhibit "D" is a true and correct copy of the docket entries for the matter captioned *Environmental Defense, et al., v. Duke Energy Corporation, et al.*, No. 05-848, in the Supreme Court of the United States, which docket indicates that Duke was represented by Gibson.

7. Attached as Exhibit "E" is a true and correct copy of a print-out from Gibson's website titled "Representative Transactions" which touts that the firm "[o]btained the dismissal of all claims asserted against Merrill Lynch & Co., Inc. and Morgan Stanley & Co. Inc. in connection with their role as co-lead underwriters in two Duke public offerings.

8. Attached as Exhibit "F" is a true and correct copy of a biography of Gibson partner Joel M. Cohen which lists "recent engagements" including "North Carolina Utilities Commission/Duke Energy: Represented Duke Energy legacy board of director members in connection with outstanding derivative and class actions and resolved regulatory matter arising from the Duke-Progress corporate merger."

9. Attached as Exhibit "G" is a true and correct of purported facts incorporated into Defendants' Motion to Dismiss and brief in support thereof ("Purported Facts").

10. Plaintiff cannot present facts essential to justify his opposition to the Motion to Dismiss without taking discovery as to the Purported Facts including those included within the September 4, 2015 "Demand Refusal Letter" and the DRC's "Report and Recommendation."

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of February, 2016.

/s/ Richard D. Greenfield
Richard D. Greenfield