# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Susan Wood Waesco
302 351 9677
302 425 3088 Fax
swaesco@mnat.com

December 6, 2016

*VIA ELECTRONIC FILING*

The Honorable Leonard P. Stark
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    *Bresalier v. Duke Energy Corporation, et al.*, C.A. No. 15-998-LPS

Dear Chief Judge Stark:

    I write on behalf of Defendants in response to Mr. Liebesman's November 28, 2016 letter (D.I. 54). That letter correctly informs Your Honor that the parties in the derivative litigation pending in the Delaware Court of Chancery,[1] which challenges the termination of Duke Energy Corporation's ("Duke Energy" or the "Company") CEO following the merger of Duke Energy and Progress Energy, Inc. (the "Merger"), have reached an agreement in principle to settle the litigation for payment of $27 million in cash to the Company, to be paid by insurers, and release of claims, subject to certain conditions (the "Merger Settlement"). The parties are close to finalizing the terms of the settlement and executing a formal stipulation of settlement. The Merger Settlement contemplates the release of all Merger-related claims, including those alleged in the instant action, and the withdrawal of Plaintiff's Merger-related allegations from his complaint in this action.

    We had envisioned the parties submitting a joint letter to Your Honor to inform the Court of the Merger Settlement and discuss its impact on the upcoming argument on Defendants' motion to dismiss (D.I. 25), which is scheduled for December 20, 2016. Mr. Liebesman's November 28 letter preempted such a joint submission. Although much of what is contained in Mr. Liebesman's letter is accurate, Defendants want to clarify that the parties did *not* reach a formal agreement "to defer the Court's consideration of whether the Merger-related claims should be dismissed or not, pending the finality of the settlement of the Chancery Case." D.I. 54 at 1. Rather, Defendants wish to proceed in whatever manner the Court finds to be most appropriate and efficient. We are therefore prepared to proceed with the argument on December 20 (recognizing that the Merger-related claims and allegations will not be part of the argument

---

[1]     That action is captioned *In re Duke Energy Corporation Derivative Litigation*, C.A. No. 7705-VCG.

and will be preserved pending completion of the Merger Settlement), or defer the argument on Defendants' motion until the Merger Settlement receives final approval by the Court of Chancery – whichever Your Honor would prefer.

Counsel are available should Your Honor have any questions.

Respectfully,

*/s/ Susan W. Waesco*

Susan W. Waesco (#4476)

SWW/kd

cc: Sidney S. Liebesman, Esq.