IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAUL BRESALIER, suing derivatively on behalf of DUKE ENERGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LYNN J. GOOD; MICHAEL G. BROWNING; DANIEL R. DiMICCO; JOHN H. FORSGREN; ANN MAYNARD GRAY; JAMES H. HANCE, JR.; JOHN T. HERRON; JAMES T. RHODES; JAMES B. HYLER, JR.; HARRIS DE LOACH, JR.; CARLOS A. SALDRIGAS; WILLIAM E. KENNARD; E. MARIE McKEE; RICHARD A. MESERVE; JAMES E. ROGERS; G. ALEX BERNHARDT; E. JAMES REINSCH; WILLIAM BARNET, III; and PHILIP R. SHARP,<br><br>Defendants,<br><br>and<br><br>DUKE ENERGY CORPORATION,<br><br>Nominal Defendant. | C.A. No. 15-998-LPS |

### STIPULATION AND [PROPOSED] ORDER ENTERING FINAL JUDGMENT

WHEREAS, on October 30, 2015, Plaintiff Saul Bresalier ("Plaintiff"), a purported stockholder of Duke Energy Corporation ("Duke Energy"), filed a derivative complaint (the "Complaint") (D.I. 1) alleging claims for breach of fiduciary duty, waste, and unjust enrichment against defendants Lynn J. Good, Michael G. Browning, Daniel R. DiMicco, John H. Forsgren, Ann Maynard Gray, James H. Hance, Jr., John T. Herron, James T. Rhodes, James B. Hyler, Jr., Harris DeLoach, Jr., Carlos A. Saladrigas, William E. Kennard, E. Marie McKee, Richard A. Meserve, James E. Rogers, G. Alex Bernhardt, E. James Reinsch, William

Barnet III, and Philip R. Sharp, and nominal defendant Duke Energy (collectively, "Defendants");

WHEREAS, on January 15, 2016, Defendants filed a motion to dismiss (the "Motion to Dismiss") (D.I. 25) the Complaint;

WHEREAS, on November 28, 2016 and December 6, 2016, the parties sent letters (D.I. 54 and 55) informing the Court that the parties in *In re Duke Energy Corp. Derivative Litigation*, Consol. C.A. No. 7705-VCL (the "Chancery Action"), had reached an agreement in principle to settle the Chancery Action. The letters explained that the proposed settlement of the Chancery Action would resolve the claims in Plaintiff's Complaint in the above-captioned action related to the merger of Duke Energy and Process Energy, Inc. (the "Merger"), including but not limited to, Paragraphs 39-46 of the Complaint (the "Merger-Related Claims"). The remaining allegations in the Complaint that do not relate to the Merger are herein referred to as the "Non-Merger-Related Claims";

WHEREAS, on December 12, 2016, the Court held a status conference during which the parties agreed to proceed with oral argument on the Motion to Dismiss with respect to the Non-Merger-Related Claims and to defer oral argument on the Merger-Related Claims in light of the agreement in principle to settle and dismiss the Merger-Related Claims;

WHEREAS, on December 20, 2016, following full briefing, the Court held oral argument on the Motion to Dismiss, which was limited to the Non-Merger-Related Claims. During oral argument, Plaintiff withdrew his claims for breach of the duty of candor for alleged false and misleading statements in the Company's proxy statements, corporate waste, and unjust enrichment (the "Withdrawn Claims"). *See* D.I. 64 at 20;

WHEREAS, on March 30, 2017, the Court issued a Memorandum Opinion and Order granting in part, denying in part without prejudice, and denying in further part as moot the Motion to Dismiss (D.I. 64 and 65). Specifically, the Court (i) dismissed with prejudice Plaintiff's Non-Merger-Related Claims, (ii) denied Defendants' Motion to Dismiss the Merger-Related Claims "without prejudice to Defendants' ability to renew the motion should it become necessary" (D.I 64 at 17), and (iii) denied the Motion to Dismiss as to the Withdrawn Claims as moot;

WHEREAS, on April 10, 2017, the parties submitted a joint status report in which they advised the Court that a stipulation and agreement of settlement had been filed in the Chancery Action on March 10, 2017, which, if approved by the Court of Chancery, would release the Merger-Related Claims alleged in this action and require their dismissal;

WHEREAS, on July 13, 2017, the Court of Chancery entered an Order and Final Judgment (the "Chancery Final Judgment"), *inter alia*, fully and finally approving the settlement of the Chancery Action, dismissing all claims against Defendants with prejudice, and awarding aggregate attorneys' fees and expenses of $5,940,000; and

WHEREAS, the time to appeal the Chancery Final Judgment has expired and no appeal has been taken.

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that:

1. The Merger-Related Claims in the Complaint are dismissed with prejudice;

2. Pursuant to Paragraph 9 of the Chancery Final Judgment, all allegations in the Complaint relating to the Merger-Related Claims, including without limitation paragraphs 39-46 of the Complaint, are withdrawn;

3. All other claims in the Complaint (*i.e.*, the Non-Merger Claims and the Withdrawn Claims) have been dismissed or withdrawn pursuant to this Court's March 30, 2017 Order on Defendants' Motion to Dismiss (D.I. 65); and

4. This Order constitutes a final judgment, and the Clerk of Court is hereby directed to enter final judgment in favor of Defendants on all claims.

| | |
|---|---|
| MONTGOMERY MCCRACKEN WALKER & RHOADS, LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ Sidney S. Liebesman | /s/ Susan W. Waesco |
| Sidney S. Liebesman (#3702)<br>Lisa Zwally Brown (#4328)<br>1105 North Market Street, Suite 1500<br>Wilmington, DE 19801<br>(302) 504-7800<br>sliebesman@mmwr.com<br>lzbrown@mmwr.com<br>*Attorneys for Plaintiff Saul Bresalier* | Kenneth J. Nachbar (#2067)<br>Susan W. Waesco (#4476)<br>Alexandra M. Cumings (#6146)<br>1201 North Market Street<br>Wilmington, DE 19801<br>(302) 658-9200<br>knachbar@mnat.com<br>swaesco@mnat.com<br>acumings@mnat.com<br>*Attorneys for Defendants Lynn J. Good, Michael G. Browning, Daniel R. DiMicco, John H. Forsgren, Ann Maynard Gray, James H. Hance, Jr., John T. Herron, James T. Rhodes, James B. Hyler, Jr., Harris DeLoach, Jr., Carlos A. Saldrigas, William E. Kennard, E. Marie McKee, Richard A. Meserve, James E. Rogers, G. Alex Bernhardt, E. James Reinsch, William Barnet III, and Philip R. Sharp, and Nominal Defendant Duke Energy Corporation* |

...

| OF COUNSEL: | OF COUNSEL: |
|---|---|
| Richard D. Greenfield<br>Ann M. Caldwell<br>GREENFIELD & GOODMAN, LLC<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>(917) 495-4446 | Jack B. Jacobs (#000008)<br>SIDLEY AUSTIN LLP<br>1201 North Market Street<br>Suite 1402<br>Wilmington, DE 19801<br>(302) 654-1805<br><br>Steven M. Bierman<br>Andrew W. Stern<br>Elizabeth A. Espinosa<br>SIDLEY AUSTIN LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 839-5300 |

August 15, 2017

IT IS SO ORDERED, this _18th_ day of _August_ 2017.

_____
Chief, ~~United~~ States District Judge